IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDRICK W. HEROLD, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-21-610 |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., | * | |
| | * | |
| Defendants. | | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., and Bradford E. Bugher's ("Merrill Lynch Defendants") Motion to Dismiss (ECF No. 27); Defendant Kristina Herold's ("Kristina") Motion to Dismiss (ECF No. 28); Defendants Parker Goodman Gordon & Hammock, LLC, Jesse B. Hammock, and Peter Cotter's ("Firm Defendants") Motion to Dismiss First Amended Complaint and Request for Hearing (ECF No. 34); Self-represented Plaintiff Fredrick W. Herold, Jr.'s ("Fredrick Jr.") Motion for Leave to Amend Complaint and Request for Hearing (ECF No. 36); Fredrick Jr.'s second Motion for Leave to Amend Complaint (ECF No. 54); and Fredrick Jr.'s third Motion for Leave to Amend the Complaint (ECF No. 60-4).[1] The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will grant the Motions to Dismiss and deny Fredrick

---

[1] Also pending are two earlier filed motions to dismiss: Merrill Lynch Defendants' Motion to Dismiss (ECF No. 13) and Kristina's Motion to Dismiss (ECF No. 14). As Frederick Jr. amended his Complaint after these motions were filed, (see ECF No. 18), the Court will deny them as moot.

Jr.'s Motions for Leave to Amend the First Amended Complaint.

## I.   BACKGROUND[2]

### A.   **Factual Background**

Fredrick W. Herold, Jr., has repeatedly sued his stepmother Kristina and Merrill Lynch after being written off as a beneficiary on his late father's accounts. Indeed, he has filed no fewer than four lawsuits against Kristina and Merrill Lynch Defendants—two before the United States District Court for the Eastern District of Virginia, Nos. 3:17-CV-00395-JAG and 3:18-CV-449-JAG, one before the Circuit Court for Baltimore County, No. C-03-CV-19-2058, and the subject lawsuit before the Circuit Court for Baltimore City, C-24-CV-21-758, which Merrill Lynch Defendants removed to this Court.[3]

The Eastern District of Virginia summarized the facts common to the claims as follows, using Fredrick Jr.'s nickname Skip:[4]

> This case arises from financial accounts that Fredrick W. Herold, Sr. ("Fredrick"), opened in 2004 with Merrill Lynch. Fredrick is the father of the plaintiff, Fredrick W. Herold, Jr., known as Skip. The accounts created a joint tenancy with right of survivorship between Fredrick and his wife, Kristina C. Herold. According to the summary judgment motion, Fredrick told Merrill Lynch he wanted to designate Kristina as sole beneficiary and specifically exclude his

---

[2] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[3] The Court takes judicial notice of the filings in these cases as matters of public record. See Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (finding that when a Rule 12(b)(6) motion is based on res judicata, the Court may "take judicial notice of facts from a prior judicial proceeding" so long as the defendant's argument for res judicata "raises no disputed issue of fact"); accord Grainger v. Beneficial Fin. I Inc., No. GLR-18-2530, 2019 WL 5683905, at *3 (D.Md. 2019).

[4] Fredrick Jr. has not identified as "Skip" before this Court and thus the Court will not refer to him as such.

> children as beneficiaries on all of his accounts. Merrill Lynch Vice President and Wealth Management Advisor Bradford E. Bugher drafted a Customer Relationship Agreement ("CRA") reflecting Fredrick's instructions. Merrill Lynch submitted a declaration by Bugher stating that Fredrick continued to hold and manage his accounts over a ten-year period, and never indicated to Merrill Lynch an intent to remove or change Kristina as the sole beneficiary on the accounts.
>
> Fredrick died in January 2014. Kristina then gave Merrill Lynch the necessary documentation to transfer the accounts to her name, which included Kristina's transfer authorization as co-owner. After reviewing all relevant documentation, and considering statements Fredrick had made to Bugher instructing the transfer, Merrill Lynch transferred account ownership to Kristina.
>
> Not surprisingly, Skip was unhappy that Kristina received the assets in his father's Merrill Lynch account. In May 2014, Skip contacted Merrill Lynch about the allegedly improper transfers to Kristina. Skip says that Merrill Lynch gave the documents the quick once over, but otherwise "failed to reasonably scrutinize the document." (Dk. No. 1, Compl., at ¶ 2.) Skip then took his complaint to Bugher. Bugher told Skip that he saw nothing out of the ordinary about the transaction and that Kristina was the sole beneficiary on the accounts. Bugher also told Skip that he knew about the legal dispute between Skip and Kristina and that he could provide only limited information to Skip due to privacy laws. Skip next brought his complaint to Bugher's supervisor, to no avail.
>
> . . . .
>
> In short, Skip has continually protested that he and his siblings should have the assets that went to Kristina.

Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (Herold I), No. 3:17-CV-00395-JAG, 2018 WL 1950642, at *1–2 (E.D.Va. Apr. 25, 2018).

Fredrick Jr.'s prior lawsuits have all reached disposition. In Herold I, Fredrick Jr. filed his first suit against Merrill Lynch. Herold I, 2018 WL 1950641, at *1. There, his

3

original complaint alleged claims for gross negligence, negligence and fraud against Merrill Lynch for making "fraudulent asset transfers" to Kristina as the sole beneficiary on his late father's account. (See Herold I Compl. at 2, 6, ECF No. 27-2).[5] He later voluntarily withdrew his fraud claim and moved for leave to amend his complaint to add eight counts: breach of fiduciary duty, civil conspiracy, negligent misrepresentation, professional malpractice, breach of implied covenant of good faith and fair dealing, civil aiding and abetting, breach of contract, and unjust enrichment. Herold I, 2018 WL 1950641, at *1–4. The court denied his motion for leave to amend and held that his proposed amendments were futile. Id. at *5. On April 25, 2018, the court granted summary judgment in favor of Merrill Lynch, finding that Fredrick Jr. had failed to show that Merrill Lynch owed him a duty as a third-party beneficiary to his father's accounts. Herold I, 2018 WL 1950642, at *3.

Undeterred, Fredrick Jr. filed another lawsuit in the Eastern District of Virginia three months later. Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc. et al. (Herold II), No. 3:18-CV-00449-JAG, 2018 WL 10110899, at *1 (E.D.Va. July 23, 2018). This time, Fredrick Jr. brought claims against Merrill Lynch, Bugher, the Estate of Fredrick William Herold, Sr., and his siblings. (Herold II Compl. at 1–3, ECF No. 27-7). He alleged claims for breach of fiduciary duty, breach of contract, conversion fraud, constructive fraud, gross negligence, negligence, conspiracy, professional negligence, breach of the implied covenant of good faith and fair dealing, aiding and abetting, and unjust enrichment. (Id.

---

[5] References to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

¶¶ 93–160). The court disposed of the case on its own initiative. Herold II, 2018 WL 10110899, at *1; (see also Herold II Order at 1, ECF No. 27-8). As Fredrick Jr. had moved to proceed in forma pauperis, the court dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(i). Id. Specifically, the court found that the lawsuit arose from "the same universe of events" as Herold I—Merrill Lynch's allegedly improper transfer of his late father's funds to the sole beneficiary, Kristina. Id. The court held that Fredrick Jr.'s claims were barred by res judicata, lacked "an arguable basis either in law or in fact," and were "frivolous or malicious" under § 1915(e)(2)(B)(i). Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

Fredrick Jr. waited about a year before bringing suit against Merrill Lynch Defendants and Kristina again, this time in the Circuit Court for Baltimore County, Maryland. Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (Herold III), No. C-03-CV-19-2058 (Cir.Ct.Md. May 29, 2020); (Herold III Compl. at 1–2, ECF No. 27-10). Unsurprisingly, Fredrick Jr. again claimed that Merrill Lynch had improperly transferred his father's funds to his stepmother. His complaint alleged counts for breach of fiduciary duty, breach of contract, conversion, fraud, constructive fraud, gross negligence, negligence, conspiracy, professional negligence, breach of the implied covenant of good faith and fair dealing, misrepresentation, civil aiding and abetting, and tortious interference with inheritance. (Herold III Compl. ¶¶ 57–94). The defendants moved to dismiss and on May 29, 2020, the court held a motions hearing. (Herold III Hr'g Tr., ECF No. 27-13). The court construed the motions as motions for summary judgment and granted them on the bases of res judicata and collateral estoppel. (Id. at 4–9; Herold III Order at 1, ECF No. 27-

5

12). Fredrick Jr. appealed to the Court of Special Appeals, but the appeal was dismissed when Fredrick Jr. failed to file a brief. (April 14, 2021 Order at 1, ECF No. 27-16).

And this brings the Court to Fredrick Jr.'s fourth bite at the apple.

**B.    Procedural History**

This action is awash with filings that do not follow the Court's norms. On February 22, 2021, Fredrick Jr. filed a Complaint in the Circuit Court for Baltimore County against Merrill Lynch Defendants and Kristina. (Compl. at 1, ECF No. 2). The Complaint alleged: intentional interference with an inheritance or gift (Count 1); conspiracy to interfere with an inheritance or gift (Count 2); and aiding and abetting intentional interference with an inheritance or gift (Count 3). (Compl. ¶¶ 36–54). Fredrick Jr. sought compensatory damages, punitive damages, and attorneys' fees.[6]

On March 9, 2021, Merrill Lynch Defendants removed the case to this Court on the basis of diversity jurisdiction. (Notice Removal at 2, ECF No. 1). On March 30, 2021, Merrill Lynch Defendants filed a Motion to Dismiss (ECF No. 13), as did Kristina (ECF No. 14). On April 19, 2021, Fredrick Jr. filed a consent Motion to Extend Time to File Responses (ECF No. 16), noting that he had trouble finding counsel and had obtained Defendants' consent to a thirty-day extension to respond to the Motions to Dismiss. (Mot. Extend Time at 1, ECF No. 16). Fredrick Jr. did not file oppositions, though—instead, on

---

[6] Although Fredrick Jr. makes a request for attorneys' fees, he has been self-represented during the pendency of this suit. (Compl. at 7, ECF No. 2; see also Mot. Extend Time at 1, ECF No. 16) (explaining Fredrick Jr.'s difficulties finding counsel); Donnelly v. Branch Banking & Tr. Co., No. PWG-13-852, 2017 WL 4407942, at *1 (D.Md. Jan. 26, 2017) (noting that a "self-represented litigant . . . cannot be awarded attorney's fees").

May 28, 2021, he filed an Amended Complaint as of right, mooting the pending Motions. (ECF Nos. 18, 19).

In his Amended Complaint, Fredrick Jr. added as Defendants Kristina's attorneys, Jesse B. Hammock, Peter R. Cotter, and the law firm of Parker Goodman Gordon & Hammock, LLC, arguing that they had filed "baseless fee petitions" in the Circuit Court and Orphans' Court for Talbot County and had thus been unjustly enriched. (Am. Compl. at 2, ECF No. 18). Fredrick Jr. also amended his claims to allege: intentional interference with an inheritance or gift (Count 1); unjust enrichment (Count 2); professional malpractice (Count 3); and breach of fiduciary duty (Count 4). (Am. Compl. ¶¶ 16–112). He requests "maximum compensatory, general, and punitive damages," and reimbursement for all attorneys' fees and costs. (Id. ¶ 113). On June 3, 2021, Fredrick Jr. filed a Motion to Strike pages one to four of Exhibit 2 to his Amended Complaint, which he had inadvertently attached.[7] (ECF No. 26).

On June 10, 2021, Merrill Lynch Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 27). On June 11, 2021, Kristina likewise filed a Motion to Dismiss (ECF No. 28). On June 24, 2021, Fredrick Jr. requested that Firm Defendants waive service, which they did. (ECF Nos. 30, 31). On July 11, 2021, Fredrick Jr. sought an extension of time to respond to the Motions, which the Court granted on July 12. (ECF

---

[7] The Motion to Strike is unopposed, and the Court will grant the Motion. (ECF No. 26).

Nos. 32, 33).[8] On August 2, 2021, Firm Defendants filed their Motion to Dismiss First Amended Complaint and Request for a Hearing (ECF No. 34).

On August 30, 2021, Fredrick Jr. filed a Motion for Leave to Amend Complaint and Request for Hearing (ECF No. 36). On September 2, 2021, Merrill Lynch Defendants filed a Reply in support of their Motion to Dismiss (ECF No. 37). On September 13, 2021, Firm Defendants filed a Reply to their Motion to Dismiss (ECF No. 38) and Kristina filed an Opposition to Fredrick Jr.'s Motion for Leave (ECF No. 39). On September 27, 2021, Fredrick Jr. filed a Reply in support of his Motion for Leave (ECF No. 46).

On September 30, 2021, Counsel for Firm Defendants filed correspondence with the Court explaining that Fredrick Jr. attached amended copies of his proposed Second Amended Complaint to his Reply in support of his Motion for Leave. (Correspondence at 1, ECF No. 48). Firm Defendants requested that the Court not consider the further amended Second Amended Complaint as Fredrick Jr.'s Motion for Leave was still pending. (Id. at 2). On October 1, 2021, Fredrick Jr. filed a Motion to Strike Surreply, contending that Firm Defendants' September 30, 2021 correspondence was an improper surreply "styled as a personal letter" to the Court. (Mot. Strike Surreply at 1, ECF No. 50). On October 6, 2021, Fredrick Jr. filed an Amendment to his Reply to his Motion for Leave (ECF No. 51). On October 7, 2021, Merrill Lynch and Firm Defendants and Kristina filed an Opposition to

---

[8] Despite the Court's extension, Fredrick Jr. did not formally oppose the Motions to Dismiss. Rather, he continued to seek leave to amend his Complaint. (See generally ECF Nos. 36, 54).

8

Fredrick Jr.'s Motion to Strike Surreply (ECF No. 52) and a Request for a Conference (ECF No. 53). The Court scheduled a teleconference for November 1, 2021.

On October 11, 2021, Fredrick Jr. filed yet another Motion for Leave to Amend the Complaint (ECF No. 54). On October 19, 2021, Merrill Lynch Defendants filed a Motion to Extend Time to Respond to Plaintiff's Second Motion for Leave to Amend requesting an extension of fourteen days after the teleconference with the Court. (ECF No. 55). On October 20, 2021, Kristina filed a Response to Merrill Lynch Defendants' Motion to Extend Time substantively joining their request for extra time. (ECF No. 56). On October 25, 2021, Firm Defendants, Kristina, and Merrill Lynch Defendants filed Oppositions to Fredrick Jr.'s October 11, 2021 Motion for Leave to Amend the Complaint (ECF Nos. 57–59).

On November 1, 2021, the Court held a teleconference with the parties. After hearing argument, the Court agreed that Fredrick Jr.'s various attempts to amend his Complaint had been procedurally improper. Thus, the Court directed Fredrick Jr. to file a new Motion for Leave to Amend the First Amended Complaint to correct his prior deficiencies within fourteen days of the teleconference. The Court further indicated that Defendants would have fourteen days from the date of Fredrick Jr.'s Motion to respond, and that Fredrick Jr. would have fourteen days from the date of any responses to file a reply. (Letter Order at 1, ECF No. 61). Also, the Court denied Fredrick Jr.'s Motion to Strike Surreply (ECF No. 50). (Id.). The Court further denied Merrill Lynch Defendants'

Motion to Extend Time to Respond to Plaintiff's Second Motion for Leave to Amend (ECF No. 55) as moot. (Id.).

On November 15, 2021, Fredrick Jr. filed a Motion for Leave to Amend Complaint and Request for Hearing. (ECF No. 60-4).[9] On November 29, 2021, Defendants filed their respective Oppositions to Fredrick Jr.'s Motion for Leave to Amend styled as an Amended Complaint. (ECF Nos. 62–64). On December 13, 2021, Fredrick Jr. filed a Reply and supplement to his Reply. (ECF Nos. 65, 66).

To clarify as the docket is rife with moot filings, presently pending before the Court are: (1) Merrill Lynch Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 27); Kristina's Motion to Dismiss the First Amended Complaint (ECF No. 28); Firm Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 34); and Fredrick Jr.'s third Motion for Leave to Amend the Complaint (ECF No. 60-4).

## II.  DISCUSSION

**A.  Standards of Review**

**1.  Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it

---

[9] Because Fredrick Jr.'s filing was out of order, the Clerk inadvertently docketed it as an "Amended Complaint." The Clerk will be directed to modify the docket and list ECF No. 60 as a "Motion for Leave to Amend Complaint."

does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Further, pro se complaints are entitled to special care

to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (internal quotation marks omitted) (quoting Iqbal, 556 U.S. at 679).[10]

### 2. Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2). Although the federal rules favor granting leave to amend, the decision lies within the "sound discretion" of the district court. Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va., 985 F.2d 164, 167–68 (4th Cir.1993). Leave to amend is properly denied when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. Edell & Assocs., P.C. v. L. Offs. of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001).

### B. Analysis

### 1. Motions to Dismiss

Defendants argue that Fredrick Jr.'s claims are barred by the doctrine of res judicata and collateral estoppel. Although res judicata, or claim preclusion, is typically an

---

[10] Additionally, "[i]n cases like this one, where the plaintiff appears pro se, courts do not expect the plaintiff to frame legal issues with the clarity and precision expected from lawyers. . . .This principle of liberal construction, however, has its limits . . . .The Court will not discern the unexpressed intent of the plaintiff or conjure up issues on the plaintiff's behalf." Herold I, 2018 WL 1950641, at *2 n.1.

affirmative defense, it is a ground for dismissal under Rule 12(b)(6) when the defense "clearly appears on the face of the complaint." Gaines v. Anderson, No. RDB-17-2755, 2018 WL 1156768, at *3 (D.Md. Mar. 5, 2018) (quoting Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). Under Maryland law, the doctrine of res judicata provides that "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive . . . as to all matters which with propriety could have been litigated in the first suit." Prince George's Cnty. v. Brent, 995 A.2d 672, 677 (Md. 2010) (quoting MPC, Inc. v. Kenny, 367 A.2d 486, 488–89 (Md. 1977)). Res judicata has three elements:

> (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation.

Spangler v. McQuitty, 141 A.3d 156, 175 (Md. 2016) (quoting Cochran v. Griffith Energy Servs., Inc., 43 A.3d 999, 1002 (Md. 2012)). While the Court affords pro se litigants "some leniency" with respect to res judicata, this Court has declined to "carve out a categorical pro se exception to the well-established rule of claim preclusion." Depaz v. Home Loan Servs., Inc., No. AW-10-3062, 2011 WL 1630323, at *3 (D.Md. Apr. 28, 2011).

Here, as for the first element, the parties in the present suit are either the same or in privity with the parties to the earlier litigation. Indeed, Fredrick Jr. has brought several prior suits against Merrill Lynch (Herold I, Herold II, and Herold III), Bugher (Herold II and Herold III), and Kristina (Herold III) in the past. Fredrick Jr. does, however, name

13

Firm Defendants for the first time in this suit.

Nonetheless, Firm Defendants are in privity with Kristina for res judicata purposes. "Privity is a relationship between two parties that have a 'legally recognized interest in the same subject matter." Navigators Ins. v. Gables Constr., Inc., No. TDC-19-1846, 2020 WL 7352546, at *3 (D.Md. Dec. 15, 2020) (quoting Bank of N.Y. Mellon v. Georg, 175 A.3d 720, 744 (Md. 2017)). "[P]rivity is no talismanic concept. . . . It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." Id. (quoting United States v. Manning Coal Corp., 977 F.2d 117, 121 (4th Cir. 1992)). Further, the Fourth Circuit has recognized that "the attorney-client relationship itself establishes privity." Weinberger v. Tucker, 510 F.3d 486, 492–93 (4th Cir. 2007). Therefore, as Kristina's counsel, Firm Defendants are in privity with a party to the prior litigation, and the first element of res judicata is met.

Next, the claims here are identical to those brought in prior suits. "Res judicata prevents a plaintiff from bringing a claim that was decided or could have been decided in a previous suit." Hawkins v. Citicorp Credit Servs., Inc., 665 F.Supp.2d 518, 523 (D.Md. 2009), aff'd, 405 F.App'x 789 (4th Cir. 2010). "[W]hether claims are 'identical' for res judicata purposes is determined by the transactional test," which asks if the claims "arise[] out of the same transaction or series of transactions." Id. at 524 (quoting Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th. Cir. 2008)). Thus, even if a specific claim was not asserted in the prior action, it may still be barred under res judicata if it arose from the same series of transactions as the adjudicated claim. Id. Here, even if Fredrick Jr.'s specific counts have varied in the various fora in which he has sought relief, they all arise

14

from the same universe of events—Fredrick Sr.'s decision to remove Fredrick Jr. as a beneficiary to his financial accounts with Merrill Lynch and Merrill Lynch's compliance with Fredrick Sr.'s request. Therefore, the second element is met.

Finally, there is a final disposition on the merits. The courts in Herold I and Herold III issued final orders when they granted summary judgment against Fredrick Jr. (Herold I Order at 1, ECF No. 27-4; Herold III Order at 1); see also Herold II, 2018 WL 10110899, at *1 ("For purposes of res judicata, a summary judgment has always been considered a final disposition on the merits." (quoting Adkins v. Allstate Ins., 729 F.2d 974, 976 n.3 (4th Cir. 1984))). And the court in Herold II issued a final order when it dismissed Fredrick Jr.'s claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). See 2018 WL 10110899, at *1; (Herold II Order at 1). Thus, all three elements have been met and the doctrine of res judicata bars Fredrick Jr.'s current action.

Accordingly, the Court will grant Defendants' Motions to Dismiss (ECF Nos. 27, 28, 34).

### 2. Motion for Leave to Amend

As Fredrick Jr.'s claims are procedurally barred, any proposed amendments to his First Amended Complaint would be futile. J. Aron & Co. v. Serv. Transp. Co., 515 F.Supp. 428, 448 (D.Md. 1981) (denying a motion to amend where the cause of action was barred by the principles of res judicata); Pittman v. Deutsche Bank Nat'l Trust Co., No. GJH-18-2425, 2019 WL 3717821, at *5 (D.Md. Aug. 5, 2019) ("Because the prior valid final judgements resolved claims between the same parties and arising out of the same facts as

the claims Plaintiffs seek to litigate here, Plaintiffs claims are barred by res judicata and any amendment to Plaintiffs' complaint would be futile.").

Thus, the Court will deny Fredrick Jr.'s third Motion for Leave to Amend the Complaint. (ECF No. 60-4).

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss (ECF Nos. 27, 28, 34) and will deny Fredrick Jr.'s Motion for Leave to Amend. (ECF No. 60-4).[11] A separate Order follows.

Entered this 28th day of March, 2022.

/s/
George L. Russell, III
United States District Judge

---

[11] The Court will further deny Fredrick Jr.'s first and second Motion for Leave to Amend the Complaint (ECF Nos. 36, 54) as moot.