IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDRICK W. HEROLD, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-21-610 |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., | * | |
| | * | |
| Defendants. | | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Fredrick W. Herold, Jr.'s ("Fredrick Jr.") Motion to Alter or Amend Judgment (ECF No. 69), Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. and Bradford E. Bugher's ("Merrill Lynch Defendants") Motion for Sanctions (ECF No. 73), Defendant Kristina Herold's ("Kristina") Motion for Sanctions (ECF No. 74), and Defendants Parker Goodman Gordon & Hammock, LLC, Jesse Hammock, and Peter Cotter's ("Firm Defendants") Motion for Sanctions (ECF No. 77). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will deny the Motion to Alter or Amend and will grant the Motions for Sanctions.

## I. BACKGROUND

**A.  Factual Background**

Fredrick W. Herold, Jr., has repeatedly sued his stepmother Kristina and Merrill Lynch Defendants after allegedly being written off as a beneficiary on his late father's accounts. Indeed, he has filed no fewer than five lawsuits against Kristina and Merrill

Lynch Defendants—two before the United States District Court for the Eastern District of Virginia, Nos. 3:17-CV-00395-JAG and 3:18-CV-449-JAG, one before the Circuit Court for Baltimore County, No. C-03-CV-19-2058, and the subject lawsuit before the Circuit Court for Baltimore City, C-24-CV-21-758, which Merrill Lynch Defendants removed to this Court.[1]

The Eastern District of Virginia summarized the facts common to the claims as follows, using Fredrick Jr.'s nickname Skip:[2]

> This case arises from financial accounts that Fredrick W. Herold, Sr. ("Fredrick"), opened in 2004 with Merrill Lynch. Fredrick is the father of the plaintiff, Fredrick W. Herold, Jr., known as Skip. The accounts created a joint tenancy with right of survivorship between Fredrick and his wife, Kristina C. Herold. According to the summary judgment motion, Fredrick told Merrill Lynch he wanted to designate Kristina as sole beneficiary and specifically exclude his children as beneficiaries on all of his accounts. Merrill Lynch Vice President and Wealth Management Advisor Bradford E. Bugher drafted a Customer Relationship Agreement ("CRA") reflecting Fredrick's instructions. Merrill Lynch submitted a declaration by Bugher stating that Fredrick continued to hold and manage his accounts over a ten-year period, and never indicated to Merrill Lynch an intent to remove or change Kristina as the sole beneficiary on the accounts.
>
> Fredrick died in January 2014. Kristina then gave Merrill Lynch the necessary documentation to transfer the accounts to her name, which included Kristina's transfer authorization as co-owner. After reviewing all relevant documentation, and considering statements Fredrick had made

---

[1] The Court takes judicial notice of the filings in these cases as matters of public record. See Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000); Grainger v. Beneficial Fin. I Inc., No. GLR-18-2530, 2019 WL 5683905, at *3 (D.Md. 2019). Additionally, as the Court will discuss infra, it has identified seven lawsuits regarding Fredrick Jr.'s inheritance.

[2] Fredrick Jr. has not identified as "Skip" before this Court and thus the Court will not refer to him as such.

> to Bugher instructing the transfer, Merrill Lynch transferred account ownership to Kristina.
>
> Not surprisingly, Skip was unhappy that Kristina received the assets in his father's Merrill Lynch account. In May 2014, Skip contacted Merrill Lynch about the allegedly improper transfers to Kristina. Skip says that Merrill Lynch gave the documents the quick once over, but otherwise "failed to reasonably scrutinize the document." (Dk. No. 1, Compl., at ¶ 2.) Skip then took his complaint to Bugher. Bugher told Skip that he saw nothing out of the ordinary about the transaction and that Kristina was the sole beneficiary on the accounts. Bugher also told Skip that he knew about the legal dispute between Skip and Kristina and that he could provide only limited information to Skip due to privacy laws. Skip next brought his complaint to Bugher's supervisor, to no avail.
>
> . . . .
>
> In short, Skip has continually protested that he and his siblings should have the assets that went to Kristina.

Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (Herold I), No. 3:17-CV-00395-JAG, 2018 WL 1950642, at *1–2 (E.D.Va. Apr. 25, 2018).

Fredrick Jr.'s prior lawsuits have all reached disposition. In Herold I, Fredrick Jr. filed his first suit against Merrill Lynch. Herold I, 2018 WL 1950641, at *1. There, his original complaint alleged claims for gross negligence, negligence and fraud against Merrill Lynch for making "fraudulent asset transfers" to Kristina as the sole beneficiary on his late father's account. (See Herold I Compl. at 2, 6, ECF No. 27-2).[3] He later voluntarily withdrew his fraud claim and moved for leave to amend his complaint to add eight counts: breach of fiduciary duty, civil conspiracy, negligent misrepresentation, professional

---

[3] References to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

malpractice, breach of implied covenant of good faith and fair dealing, civil aiding and abetting, breach of contract, and unjust enrichment. Herold I, 2018 WL 1950641, at *1–4. The court denied his motion for leave to amend and held that his proposed amendments were futile. Id. at *5. On April 25, 2018, the court granted summary judgment in favor of Merrill Lynch, finding that Fredrick Jr. had failed to show that Merrill Lynch owed him a duty as a third-party beneficiary to his father's accounts. Id. at *3.

Fredrick Jr. filed another lawsuit in the Eastern District of Virginia three months later. Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc. et al. (Herold II), No. 3:18-CV-00449-JAG, 2018 WL 10110899, at *1 (E.D.Va. July 23, 2018). That time, Fredrick Jr. brought claims against Merrill Lynch, Bugher, the Estate of Fredrick William Herold, Sr., and his siblings. (Herold II Compl. at 1–3, ECF No. 27-7). He alleged claims for breach of fiduciary duty, breach of contract, conversion fraud, constructive fraud, gross negligence, negligence, conspiracy, professional negligence, breach of the implied covenant of good faith and fair dealing, aiding and abetting, and unjust enrichment. (Id. ¶¶ 93–160). The court disposed of the case on its own initiative. Herold II, 2018 WL 10110899, at *1; (see also Herold II Order at 1, ECF No. 27-8). As Fredrick Jr. had moved to proceed in forma pauperis, the court dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(i). (Herold II Order at 1). Specifically, the court found that the lawsuit arose from "the same universe of events" as Herold I—Merrill Lynch's allegedly improper transfer of his late father's funds to the sole beneficiary, Kristina. Id. The court held that Fredrick Jr.'s claims were barred by res judicata, lacked "an arguable basis either in law or

4

in fact," and were "frivolous or malicious" under § 1915(e)(2)(B)(i). Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

Fredrick Jr. waited about a year before bringing suit against Merrill Lynch Defendants and Kristina again, this time in the Circuit Court for Baltimore County, Maryland. Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (Herold III), No. C-03-CV-19-2058 (Cir.Ct.Md. May 29, 2020); (Herold III Compl. at 1–2, ECF No. 27-10). Fredrick Jr. again claimed that Merrill Lynch had improperly transferred his father's funds to his stepmother. His complaint alleged counts for breach of fiduciary duty, breach of contract, conversion, fraud, constructive fraud, gross negligence, negligence, conspiracy, professional negligence, breach of the implied covenant of good faith and fair dealing, misrepresentation, civil aiding and abetting, and tortious interference with inheritance. (Herold III Compl. ¶¶ 57–94). The defendants moved to dismiss and on May 29, 2020, the court held a motions hearing. (Herold III Hr'g Tr., ECF No. 27-13). The court construed the motions as motions for summary judgment and granted them on the bases of res judicata and collateral estoppel. (Id. at 4–9; Herold III Order at 1, ECF No. 27-12). Fredrick Jr. appealed to the Court of Special Appeals, but the appeal was dismissed when Fredrick Jr. failed to file a brief. (April 14, 2021 Order at 1, ECF No. 27-16).

**B.** **Procedural History**

On February 22, 2021, Fredrick Jr. filed a Complaint in the Circuit Court for Baltimore County against Merrill Lynch Defendants and Kristina. (Compl. at 1, ECF No. 2). The Complaint alleged: intentional interference with an inheritance or gift (Count 1); conspiracy to interfere with an inheritance or gift (Count 2); and aiding and abetting

intentional interference with an inheritance or gift (Count 3). (Id. ¶¶ 36–54). Fredrick Jr. sought compensatory damages, punitive damages, and attorneys' fees.[4] (Id. ¶¶ 56–62).

On March 9, 2021, Merrill Lynch Defendants removed the case to this Court on the basis of diversity jurisdiction. (Notice Removal at 2, ECF No. 1). On March 30, 2021, Merrill Lynch Defendants filed a Motion to Dismiss (ECF No. 13), as did Kristina (ECF No. 14). On April 19, 2021, Fredrick Jr. filed a consent Motion to Extend Time to File Responses (ECF No. 16), noting that he had trouble finding counsel and had obtained Defendants' consent to a thirty-day extension to respond to the Motions to Dismiss. (Mot. Extend Time at 1, ECF No. 16). Fredrick Jr. did not file oppositions. However, on May 28, 2021, he filed an Amended Complaint as of right, mooting the pending Motions. (ECF Nos. 18, 19).

In his Amended Complaint, Fredrick Jr. added as Defendants Kristina's attorneys, Jesse B. Hammock, Peter R. Cotter, and the law firm of Parker Goodman Gordon & Hammock, LLC, arguing that they had filed "baseless fee petitions" in the Circuit Court and Orphans' Court for Talbot County and had thus been unjustly enriched. (Am. Compl. at 2, ECF No. 18). Fredrick Jr. also amended his claims to allege: intentional interference with an inheritance or gift (Count 1); unjust enrichment (Count 2); professional malpractice (Count 3); and breach of fiduciary duty (Count 4). (Am. Compl. ¶¶ 16–112). He requested

---

[4] Although Fredrick Jr. makes a request for attorneys' fees, he has been self-represented during the pendency of this suit. (Compl. at 7, ECF No. 2; see also Mot. Extend Time at 1, ECF No. 16) (explaining Fredrick Jr.'s difficulties finding counsel); Donnelly v. Branch Banking & Tr. Co., No. PWG-13-852, 2017 WL 4407942, at *1 (D.Md. Jan. 26, 2017) (noting that a "self-represented litigant . . . cannot be awarded attorney's fees").

"maximum compensatory, general, and punitive damages," and reimbursement for all attorneys' fees and costs. (Id. ¶ 113).

On June 10, 2021, Merrill Lynch Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 27). On June 11, 2021, Kristina likewise filed a Motion to Dismiss (ECF No. 28). On June 24, 2021, Fredrick Jr. requested that Firm Defendants waive service, which they did. (ECF Nos. 30, 31). On July 11, 2021, Fredrick Jr. sought an extension of time to respond to the Motions, which the Court granted on July 12. (ECF Nos. 32, 33). Despite the Court's extension, Fredrick Jr. did not formally oppose the Motions to Dismiss. Rather, he continued to seek leave to amend his Complaint. (See generally ECF Nos. 36, 54). On August 2, 2021, Firm Defendants filed their Motion to Dismiss First Amended Complaint and Request for a Hearing (ECF No. 34).

On August 30, 2021, Fredrick Jr. filed a Motion for Leave to Amend Complaint and Request for Hearing (ECF No. 36). On September 2, 2021, Merrill Lynch Defendants filed a Reply in support of their Motion to Dismiss (ECF No. 37). On September 13, 2021, Firm Defendants filed a Reply to their Motion to Dismiss (ECF No. 38) and Kristina filed an Opposition to Fredrick Jr.'s Motion for Leave (ECF No. 39). On September 27, 2021, Fredrick Jr. filed a Reply in support of his Motion for Leave (ECF No. 46).

On September 30, 2021, Counsel for Firm Defendants filed correspondence with the Court explaining that Fredrick Jr. attached amended copies of his proposed Second Amended Complaint to his Reply in support of his Motion for Leave. (Correspondence at 1, ECF No. 48). Firm Defendants requested that the Court not consider the further amended Second Amended Complaint as Fredrick Jr.'s Motion for Leave was still pending. (Id. at

2). On October 1, 2021, Fredrick Jr. filed a Motion to Strike Surreply, contending that Firm Defendants' September 30, 2021 correspondence was an improper surreply "styled as a personal letter" to the Court. (Mot. Strike Surreply at 1, ECF No. 50). On October 6, 2021, Fredrick Jr. filed an Amendment to his Reply to his Motion for Leave (ECF No. 51). On October 7, 2021, Merrill Lynch and Firm Defendants and Kristina filed an Opposition to Fredrick Jr.'s Motion to Strike Surreply (ECF No. 52) and a Request for a Conference (ECF No. 53). The Court scheduled a teleconference for November 1, 2021.

On October 11, 2021, Fredrick Jr. filed another Motion for Leave to Amend the Complaint (ECF No. 54). On October 19, 2021, Merrill Lynch Defendants filed a Motion to Extend Time to Respond to Plaintiff's Second Motion for Leave to Amend requesting an extension of fourteen days after the teleconference with the Court. (ECF No. 55). On October 20, 2021, Kristina filed a Response to Merrill Lynch Defendants' Motion to Extend Time substantively joining their request for extra time. (ECF No. 56). On October 25, 2021, Firm Defendants, Kristina, and Merrill Lynch Defendants filed Oppositions to Fredrick Jr.'s October 11, 2021 Motion for Leave to Amend the Complaint. (ECF Nos. 57, 58, 59).

On November 1, 2021, the Court held a teleconference with the parties. After hearing argument, the Court agreed that Fredrick Jr.'s various attempts to amend his Complaint had been procedurally improper. Thus, the Court directed Fredrick Jr. to file a new Motion for Leave to Amend the First Amended Complaint to correct his prior deficiencies within fourteen days of the teleconference. The Court further indicated that Defendants would have fourteen days from the date of Fredrick Jr.'s Motion to respond,

and that Fredrick Jr. would have fourteen days from the date of any responses to file a reply. (Letter Order at 1, ECF No. 61). Also, the Court denied Fredrick Jr.'s Motion to Strike Surreply (ECF No. 50). (Id.). The Court further denied Merrill Lynch Defendants' Motion to Extend Time to Respond to Plaintiff's Second Motion for Leave to Amend (ECF No. 55) as moot. (Id.).

On November 15, 2021, Fredrick Jr. filed a Motion for Leave to Amend Complaint and Request for Hearing. (ECF No. 60-4). On November 29, 2021, Defendants filed their respective Oppositions to Fredrick Jr.'s Motion for Leave to Amend styled as an Amended Complaint. (ECF Nos. 62–64). On December 13, 2021, Fredrick Jr. filed a Reply and supplement to his Reply. (ECF Nos. 65, 66).

On March 28, 2022, the Court issued a Memorandum Opinion and Order in which it granted the Motions to Dismiss and denied Fredrick Jr.'s Motions for Leave to Amend the First Amended Complaint. (ECF Nos. 67, 68). On April 25, 2022, Fredrick Jr. filed a Motion to Alter or Amend Judgment (ECF No. 69). On May 9, 2022, Merrill Lynch Defendants, Kristina, and Firm Defendants filed Oppositions. (ECF Nos. 70, 71, 72, respectively). On May 20, 2022, Fredrick Jr. filed a Reply. (ECF No. 75).

On May 11, 2022, Merill Lynch Defendants filed a Motion for Sanctions. (ECF No. 73). Kristina filed a Motion for Sanctions on May 16, 2022, (ECF No. 74), and Firm Defendants filed a Motion for Sanctions on August 31, 2022 (ECF No. 77). Finally, Merrill Lynch Defendants filed a Notice of Filing on September 30, 2022, noticing the Court of a new lawsuit that Fredrick Jr. had filed in this Court. (ECF No. 78). Fredrick Jr. has not

opposed any of the Motions for Sanctions.

## II.    DISCUSSION

### A.    Standard of Review

The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration. Rule 54(b) governs motions to reconsider interlocutory orders. See Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1469–70 (4th Cir. 1991). Rules 59(e) and 60(b) govern motions to reconsider final judgments. Id. Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). If a party files the motion later, Rule 60(b) controls. Id. Here, Harrison filed his Motion eleven days after the Court dismissed the Complaint. (See ECF No. 13). Accordingly, Rule 59(e) controls.

Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A federal district judge's power to grant a Rule 59(e) motion is discretionary. Robison v. Wix Filtration Corp., LLC, 599 F.3d 403, 411 (4th Cir. 2010). In general, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." Pac. Ins. v. Am. Nat'l Fire Ins., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953

10

F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

"Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210–11 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). With respect to the third factor, there must be more than a "mere disagreement" with a decision to support a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). "A 'factually supported and legally justified' decision does not constitute clear error." Jarvis v. Berryhill, No. TMD-15-2226, 2017 WL 467736, at *1 (D.Md. Feb. 3, 2017) (quoting Hutchinson, 994 F.2d at 1081–82). As to the "manifest injustice" standard, courts focus on whether there was fairness in the administrative process or a denial of due process. Id. (citing Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993)).

**B.     Analysis**

    **1.     Motion to Alter or Amend**

Fredrick Jr. raises three main arguments in support of his Motion: (1) the Court failed to view the allegations in the Complaint in the light most favorable to him; (2) Defendants have falsely represented that he was written out of his father's will; and (3) he has not yet had his day in court. (Pl.'s Mot. Alter Amend ["Pl.'s Mot."] at 3–7, ECF No. 69). Merrill Lynch Defendants respond that Fredrick Jr. is relitigating matters in dispute at the dismissal stage, which is improper under Rule 59(e). (Merrill Lynch Defs.' Opp'n Mot. Alter Amend ["Merrill Lynch Opp'n"] at 3–4, ECF No. 70). Firm Defendants, on the other

hand, argue that the Court's application of res judicata was correct and that any new evidence submitted with Fredrick Jr.'s Motion is not properly before the Court under Rule 59(e). (Firm Defs.' Opp'n Mot. Alter Amend ["Firm Opp'n"] at 3–5, ECF No. 72). At bottom, the Court find that Fredrick Jr. has not demonstrated that it made a clear error of law or created a manifest injustice and will deny Fredrick Jr.'s Motion.

As explained in the Court's Memorandum Opinion, Fredrick Jr.'s claims were properly barred by res judicata. Although res judicata, or claim preclusion, is typically an affirmative defense, it is a ground for dismissal under Rule 12(b)(6) when the defense "clearly appears on the face of the complaint." Gaines v. Anderson, No. RDB-17-2755, 2018 WL 1156768, at *3 (D.Md. Mar. 5, 2018) (quoting Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). Under Maryland law, the doctrine of res judicata provides that "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive . . . as to all matters which with propriety could have been litigated in the first suit." Prince George's Cnty. v. Brent, 995 A.2d 672, 677 (Md. 2010) (quoting MPC, Inc. v. Kenny, 367 A.2d 486, 488–89 (Md. 1977)). Res judicata has three elements:

> (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation.

Spangler v. McQuitty, 141 A.3d 156, 175 (Md. 2016) (quoting Cochran v. Griffith Energy Servs., Inc., 43 A.3d 999, 1002 (Md. 2012)). While the Court affords pro se litigants "some

leniency" with respect to res judicata, this Court has declined to "carve out a categorical pro se exception to the well-established rule of claim preclusion." Depaz v. Home Loan Servs., Inc., No. AW-10-3062, 2011 WL 1630323, at *3 (D.Md. Apr. 28, 2011).

Here, as for the first element, the parties in the underlying suit were either the same or in privity with the parties to the earlier litigation. Indeed, Fredrick Jr. has brought several prior suits against Merrill Lynch (Herold I, Herold II, and Herold III), Bugher (Herold II and Herold III), and Kristina (Herold III) in the past. Fredrick Jr. did, however, name Firm Defendants for the first time in this suit.

Nonetheless, Firm Defendants were in privity with Kristina for res judicata purposes. "Privity is a relationship between two parties that have a 'legally recognized interest in the same subject matter.'" Navigators Ins. v. Gables Constr., Inc., No. TDC-19-1846, 2020 WL 7352546, at *3 (D.Md. Dec. 15, 2020) (quoting Bank of N.Y. Mellon v. Georg, 175 A.3d 720, 744 (Md. 2017)). "[P]rivity is no talismanic concept. . . . It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." Id. (quoting United States v. Manning Coal Corp., 977 F.2d 117, 121 (4th Cir. 1992)). Further, the Fourth Circuit has recognized that "the attorney-client relationship itself establishes privity." Weinberger v. Tucker, 510 F.3d 486, 492–93 (4th Cir. 2007). Therefore, as Kristina's counsel, Firm Defendants were in privity with a party to the prior litigation, and the first element of res judicata was met.

Next, the claims here were identical to those brought in prior suits. "Res judicata prevents a plaintiff from bringing a claim that was decided or could have been decided in

13

a previous suit." Hawkins v. Citicorp Credit Servs., Inc., 665 F.Supp.2d 518, 523 (D.Md. 2009), aff'd, 405 F.App'x 789 (4th Cir. 2010). "[W]hether claims are 'identical' for res judicata purposes is determined by the transactional test," which asks if the claims "arise[] out of the same transaction or series of transactions." Id. at 524 (quoting Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th. Cir. 2008)). Thus, even if a specific claim was not asserted in the prior action, it may still be barred under res judicata if it arose from the same series of transactions as the adjudicated claim. Id. Here, even if Fredrick Jr.'s specific counts have varied in the various fora in which he has sought relief, they all arose from the same universe of events—Fredrick Sr.'s decision to remove Fredrick Jr. as a beneficiary to his financial accounts with Merrill Lynch and Merrill Lynch's compliance with Fredrick Sr.'s request. Therefore, the second element was met.

Finally, there was a final disposition on the merits. The courts in Herold I and Herold III issued final orders granting summary judgment against Fredrick Jr. (Herold I Order at 1, ECF No. 27-4; Herold III Order at 1); see also Herold II, 2018 WL 10110899, at *1 ("For purposes of res judicata, a summary judgment has always been considered a final disposition on the merits." (quoting Adkins v. Allstate Ins., 729 F.2d 974, 976 n.3 (4th Cir. 1984))). And the court in Herold II issued a final order when it dismissed Fredrick Jr.'s claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). See 2018 WL 10110899, at *1; (Herold II Order at 1). Thus, all three elements were met and the Court correctly determined that res judicata barred the suit.

Fredrick Jr.'s current arguments do not change the Court's conclusion. First, Fredrick Jr.'s claim that the Court failed to view the Complaint in the light most favorable

14

to him is without merit. (See Pl.'s Mot. at 3). Indeed, the Court stated that it accepted the facts in the Complaint as true in its Memorandum Opinion. (See Mem. Op. at 2 n.2, ECF No. 67). Nonetheless, a party may raise res judicata as an affirmative defense through a motion to dismiss for failure to state a claim. Mills v. SunTrust Banks, Inc., No. GJH-18-743, 2019 WL 1040492, at *1 (D.Md. Mar. 4, 2019), aff'd, 773 F.App'x 678 (4th Cir. 2019) (quoting Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000)). Further, "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Id. (quoting Andrews, 201 F.3d at 524). The Court did so here, explaining that it was taking judicial notice of the other lawsuits and citing approvingly the holdings in those cases. (See Mem. Op. at 2 n.3 (citing Andrews, 201 F.3d at 524 n.1)). Accordingly, the Court's consideration of Defendants' res judicata defense was appropriate, and the Court is not required to overlook the procedural bar of res judicata in favor of a plaintiff's claims.

Next, the Court is unpersuaded by Fredrick Jr.'s argument that Defendants falsely represented that Fredrick Jr. was written out of his father's will. The basis for the Court's decision was that these issues were already litigated in Kristina's favor. (See Mem. Op. at 15 (noting that the prior lawsuits resulted in summary judgment being granted against Fredrick Jr. and a dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)). Thus, this Court did not need to reach its own factual conclusions regarding the alleged falsity of Defendants' claims regarding the will to procedurally dispose of the case. In any event, Fredrick Jr. does not explain how the alleged falsity of Defendants' claims warrants reconsideration under Rule 59(e).

Finally, by virtue of filing a lawsuit, Fredrick Jr. is not necessarily entitled to a trial on the merits of his claims. In his Motion, he complains that the Defendants have not shown that a substantive trial on the merits has ever taken place. (Pl.'s Mot at 7). Fredrick Jr. does not point to any law suggesting that he is entitled to such a trial, and in any event, such a claim is without merit. Courts may dispose of matters before a trial occurs on many grounds, and a determination regarding res judicata was appropriate under the circumstances. As Fredrick Jr. has not demonstrated that the Court made an error of law or created a manifest injustice, his Motion fails. Accordingly, the Court will deny Fredrick Jr.'s Motion to Alter or Amend Judgment.

### 2. Motions for Sanctions

Defendants have moved for sanctions to enjoin Fredrick Jr. from filing additional motions and papers with the Court without the Court's prior approval. (See Merrill Lynch Defs.' Mot. Sanctions at 1, ECF No. 73; Def. Kristina Mot. Sanctions & Resp. Merrill Lynch Defs. Mot. Sanctions at 1, ECF No. 74; Firm Defs.' Mot. Sanctions at 1, ECF No. 77). At bottom, the Court finds that a narrowly tailored pre-filing injunction is appropriate.

The All Writs Act, 28 U.S.C. § 1651(a), "grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." Kalos v. Centennial Sur. Assocs., Inc., No. CCB-12-1532, 2012 WL 6210117, at *5 (D.Md. Dec. 12, 2012) (quoting Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004)). One form of limiting sanction is a pre-filing injunction. Edokobi v. M & M Mortg. Servs., Inc., No. PWG-13-3707, 2014 WL 5393527, at *5 (D.Md. Oct. 22, 2014), aff'd, 597 F.App'x 754 (4th Cir. 2015). This "drastic remedy must be used sparingly," in order to be "consistent with

constitutional guarantees of due process of law and access to the courts." Kalos, 2012 WL 6210117, at *5 (quoting Cromer, 390 F.3d at 817). Nonetheless, "it may be warranted under 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" Edokobi, 2014 WL 5393527, at *5 (quoting Cromer, 390 F.3d at 817–18). The Court considers the following factors in evaluating a prefiling injunction:

> (1) the litigant's history of vexatious litigation; (2) whether the litigant has an objective good faith belief in the merit of the action; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or the court; and (5) the adequacy of other sanctions.

Whitehead v. Viacom, 233 F.Supp.2d at 715, 726 (D.Md. 2002). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id. (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). "The injunction must be narrowly tailored to fit the specific circumstances at issue." Edokobi, 2014 WL 5393527, at *5 (quoting Cromer, 390 F.3d at 818). Finally, the litigant must be given "notice and an opportunity to be heard." Cromer, 390 F.3d at 819.

The Court finds that a prefiling injunction is appropriate in this case. Fredrick Jr. is a vexatious litigant. Indeed, he has filed at least seven lawsuits regarding his inheritance that have gone before eight courts:

> 1. Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 3:17-CV-00395-JAG, 2018 WL 1950642, at *1 (E.D.Va. Apr. 25, 2018);

17

2. <u>Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, No. 3:18-CV-00449-JAG, 2018 WL 10110899, at *1 (E.D.Va. July 23, 2018), <u>aff'd</u>, 748 F.App'x 556, 557 (4th Cir. 2019);
3. Circuit Court for Baltimore County, Maryland, No. C-03-CV-19-2058; which was removed to this Court, <u>Herold v. Knight</u>, No. RDB-19-2138, 2020 WL 886304, at *1 (D.Md. Feb. 24, 2020);
4. Circuit Court for Talbot County, No. 20-C-15-9303, which was appealed to the Court of Special Appeals, <u>Herold v. Herold</u>, No. 1857, Sept. Term 2016, 2017 WL 6282611 (Md.Ct.Spec.App. Dec. 11, 2017);
5. Circuit Court for Talbot County, No. 20-C-17-151, which was appealed to the Court of Special Appeals, <u>Herold v. Morrone</u>, No. 2058, Sept. Term 2018, 2019 WL 5549344, at *1 (Md.Ct.Spec.App. Oct. 28, 2019), <u>cert. denied</u>, 226 A.3d 240 (Table) (Md. Mar. 27, 2020), 240 A.3d 860 (Table) (Md. Oct. 23, 2020);
6. Circuit Court for Baltimore City, C-24-CV-21-758, which was removed to this Court, <u>Herold v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, No. GLR-21-610, 2022 WL 899280, at *1 (D.Md. Mar. 28, 2022); and
7. United States District Court for the District of Maryland, <u>Herold v. Campen</u>, No. JKB-22-2395 (D.Md.).[5]

With the exception of the final case that was filed in September 2022, all others have been resolved in favor of Defendants. It appears that when Fredrick Jr.'s claims are rejected by one court, he files in a new jurisdiction to make the same arguments that have already been disposed of on the merits, burdening Defendants, including his over eighty-year-old stepmother, to relitigate resolved matters. Additionally, the courts have been burdened by having to resolve many motions, which are often difficult to understand. <u>See</u> <u>Whitehead</u>, 233 F.Supp.2d at 726 (issuing pre-filing injunction where plaintiff

---

[5] The Court notes that Fredrick Jr. may have filed even more lawsuits, but given the varied jurisdictions, the Court has only confirmed the above.

"continue[d] to initiate new lawsuits that appear[ed] to be as frivolous" as earlier ones where plaintiff filed more than a dozen "non-substantive" and "nonsensical" motions). And Fredrick Jr. has been told by several courts that his claims are without merit, but he has nonetheless continued to file new lawsuits. See, e.g., Herold I, 2018 WL 1950642, at *2–3 (dismissing case on the merits); Herold II, 2018 WL 10110899, at *1 (dismissing case as barred by res judicata). Thus, his attempts to relitigate cannot be made on a good faith belief that his claims had merit. See Edokobi, 2014 WL 5393527, at *6 (issuing pre-filing injunction where litigant's prior appeals had been unsuccessful and thus new claims were not filed in good faith). Additionally, as he is acting pro se, it does not appear like a lesser sanction will deter him from further vexatious filings. See id. ("This Court is not a trampoline for the vexatious amusement of serial litigants who would persist in refiling meritless suits that already have been decided with finality against them."). Indeed, being warned of the preclusive effects of res judicata has not stopped him from filing new lawsuits based on the same operative facts and wasting judicial resources. See Herold II, 2018 WL 10110899, at *1; (Mem. Op. at 12–15). Moreover, Fredrick Jr. has been given notice and opportunity to be heard in response to the three separate Motions for Sanctions, but he has chosen not to do so.

Accordingly, the Court will issue an injunction to limit Fredrick Jr.'s ability to file complaints or other papers relating to the subject matter of this suit without leave of court. This narrowly tailored pre-filing injunction will restrict but not deprive him of his right of access to the Court—he can still file lawsuits once he obtains leave. The Court has weighed and balanced Fredrick Jr.'s baseless filings and the burden he has placed on Defendants

19

and this Court and finds it necessary to issue the injunction as the only adequate means to deter him from abusing the judicial system. The Court will thus grant the Motions for Sanctions.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Fredrick Jr.'s Motion to Alter or Amend Judgment (ECF No. 69) and grant Merrill Lynch Defendants, Firm Defendants and Kristina's Motions for Sanctions. (ECF Nos. 73, 74, 77). A separate Order follows. Entered this 31st day of October, 2022.

/s/
George L. Russell, III
United States District Judge